**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MELVIN HEBERT, #M2808**                                              **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 2:15-cv-137-KS-JCG**

**MISSISSIPPI DEPT. OF CORRECTIONS**                    **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Melvin Hebert for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, which he filed on October 16, 2015. On January 12, 2016, the Mississippi Department of Corrections (Respondent) responded with an Answer [15]. Having considered the Petition, Answer, pleadings, records on file, the arguments of the parties, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## PROCEDURAL HISTORY

In his Petition, Hebert challenges his incarceration pursuant to a conviction for statutory rape. Having been convicted of this crime in the Circuit Court of Lawrence County, Mississippi, at the age of nineteen, Hebert initially received a five-year nonadjudication. (Resp. Ex. B, ECF No. 15-2). Hebert failed to abide by the terms of the nonadjudication and was sentenced to ten years imprisonment.[1] (Resp. Ex. C, ECF No. 15-3). Rather than requiring Hebert to serve this entire

---

[1] Respondent notes that Miss. Code Ann. § 97-3-65 provides for a minimum twenty-year sentence for Hebert's offense; he received a sentence that was lower than the statutory minimum.

sentence in prison, the trial court ordered that Hebert be placed in the Regimented Inmate Discipline Program. *Id.* at 2. When he successfully completed the program, he was to be placed on probation. *Id.* About six months later, Hebert successfully completed the program, and on January 14, 2004, the trial court released him to a term of five years probation.[2] (Resp. Ex. D 2, ECF No. 15-4).

Hebert was found to have violated the terms of his probation on September 18, 2006, when he was arrested and charged with possession of marijuana. (Resp. Ex. E, ECF No. 15-5). His probation was revoked, and the remaining portion of his sentence was to be served on post-release supervision. (*Id.*). Eight years later, on July 22, 2014, Hebert's post-release supervision was revoked because he was arrested for the submission of false information by a sex offender. (Resp. Ex. G, ECF No. 15-7). All of Hebert's suspended time was revoked, and he was ordered to serve the sentence of incarceration. (*Id.*). This revocation, and another conviction not at issue here, are the basis for Hebert's present incarceration.

Hebert filed a postconviction motion in the Circuit Court, claiming that his sentence had been carried out, and the court lacked jurisdiction to impose further punishment. (Resp. Ex. I, ECF No. 15-9). The court denied the motion after reviewing the procedural history set out above and noting that under Mississippi law, Hebert was entitled to credit only for the six months he was incarcerated, not

---

[2] Hebert received credit for time served in custody.

any time unsuccessfully served on probation or supervision.[3] (Resp. Ex. J 3-4, ECF No. 15-10).

The Circuit Court's order was entered May 8, 2015, and Hebert filed a notice of appeal more than three months later, on August 21, 2015. (Resp. Ex. L, ECF No. 15-12). On August 25, 2015, the Mississippi Supreme Court issued a "Show Cause Notice" to Hebert, ordering Hebert to show cause why his appeal should not be dismissed as untimely. (Resp. Ex. M, ECF No. 15-13). Hebert responded that his notice of appeal was untimely because he did not receive a copy of the trial court's order until July 25, 2015. (Resp. Ex. O, ECF No. 15-15). The Mississippi Supreme Court considered this response, but dismissed Hebert's appeal as untimely. (Resp. Ex. P, ECF No. 15-16).

Respondent moves for dismissal of Hebert's federal Petition for Writ of Habeas Corpus, contending that 1) Hebert's failure to timely seek an appeal of the Circuit Court's decision bars federal review of his habeas claims, and 2) Hebert cannot demonstrate "cause" under the "cause and prejudice" test necessary to allow the Court to reach the merits of his claims despite the procedural bar, because no external impediment existed to prevent him from seeking an appeal of the Circuit Court's denial of his motion.

---

[3] *See Fluker v. State*, 2 So. 3d 717, 720 (Miss. Ct. App. 2008); Miss. Code Ann. §47-7-37(7) ("No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.").

LAW AND ANALYSIS

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* The Mississippi Uniform Postconviction Collateral Relief Act provides an available procedure in state court. *See* Miss. Code Ann. § 99-39-1, *et seq*.

The only claim Hebert raised with the Circuit Court is the first ground for relief in this Petition – that Hebert was sentenced to five years incarceration in November 1999, and this sentence had been completed by the time his probation was revoked.[4] As discussed above, the trial court reviewed and denied relief on this

---

[4] Hebert included two additional grounds in this Petition that are variations of the first and therefore not separately discussed. They are ground three (his 2008 sentencing order is incorrect) and ground four (he was not given credit for the time he spent on probation). Additionally, Hebert includes as a ground for relief his

claim.

Under Mississippi law, a defendant who wishes to appeal the trial court's denial of his motion for postconviction relief must file a notice of appeal within thirty days of the date of the order. *See* Miss. R. App. P. 4(a); *White v. State*, 845 So. 2d 760, 761 (Miss. Ct. App. 2003). The order denying Hebert's petition for postconviction relief was filed on May 8, 2015; therefore, Hebert had until June 8 to file a timely notice of appeal. Hebert's filing on August 21, 2015, was untimely.

Hebert's failure to timely seek review with the Mississippi Supreme Court renders his claims unexhausted. *Wenceslao v. Quarterman*, 326 F. App'x 789, 790 (5th Cir. 2009) ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been 'fairly presented' to the state's highest court.") (citing *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). The time to seek review has long expired. Therefore, a return to state court would be fruitless in this case.

Because Hebert's state court remedies were rendered unavailable by his own failure to properly exhaust his claims, he has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find

---

claim that the Circuit Court did not inform him of the denial of his postconviction motion in time for him to appeal.  The Court construes this as an argument concerning cause for his procedural default rather than a separate ground for habeas relief.

the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). However, a federal court "may resurrect a defaulted claim, and consider its merits" under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005).

Hebert argues that he filed an untimely notice of appeal because "the circuit court didn't inform me of their dismissal in time for me to make a successful appeal." (Pet. 8, ECF No. 1). There is some support for his argument in the record because Hebert filed a petition for writ of mandamus requesting a ruling on his postconviction motion on June 25, 2015. (Resp. Ex. K, ECF No. 15-11). This indicates that a month and a half after the ruling, Hebert did not know the order had been entered. Nevertheless, Hebert has provided no evidence demonstrating that his apparent lack of knowledge was due to no fault of his own. *See Coleman v. Thompson,* 501 U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [.]").

Even if Hebert could show cause, failure to address the claims would not result in a miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Hebert's claim concerns his misunderstanding of the nature of his sentence. He does not contend or provide evidence that as a factual

matter he is innocent of the crime that resulted in revocation of his probation. Without any evidence to show that Hebert meets the miscarriage of justice exception, the Court finds it inapplicable. For these reasons, the Court concludes that Heberts' claims are procedurally barred from federal habeas review.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, be denied and this case dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any

proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

**SIGNED**, this the 29th day of August, 2016.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE